[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR ADVICE (#135)
On December 15, 1999, a judgment of foreclosure by sale was entered and a Committee of Sale was appointed to sell the property located at 105-107 Summit Street, Norwich, Connecticut. On July 29, 2000, a sale of the property took place and on September 25, 2000, this court approved the sale. On October 2, 2000, there was a closing with the City of Norwich, the purchaser of the property, and the deed was recorded in the land records. On October 12, 2000, after the deed was recorded, the defendant, Dennis Avery, filed an appeal of the approval of the sale of the property. The plaintiff, the City of Norwich, now seeks advice of the court on how legal title to the property should be held pending the appeal of the approval of the sale.
Conn. Gen. Stat. § 49-26 provides: "When a sale has been made pursuant to a judgment therefor and ratified by the court, a conveyance of the property sold shall be executed by the person appointed to make the sale, which conveyance shall vest in the purchaser the same estate that would have vested in the mortgagee or lienholder if the mortgage or lien had been foreclosed by strict foreclosure, and to this extent such conveyance shall be valid against all parties to the cause and their privies, but against no other persons. The court, at the time of or after ratification of the sale, may order possession of the property sold to be delivered to the purchaser and may issue an execution of ejectment after the time for appeal of the ratification of the sale has expired."
"Under Connecticut law, a judicial sale becomes complete and creates a CT Page 1186 legal right to obligations among parties when it is confirmed and ratified by the court." Hartford Federal Savings Loan Assn. v. Tucker,13 Conn. App. 239, 247, 536 A.2d 962 (1988); see also General Statutes § 49-24 through § 49-26. Once a closing has been held where the purchaser has taken title to the subject premises, the purchaser is the owner of the property. Devane v. Cannon, et al, Superior Court, judicial district of New Haven Housing Session, Docket No. 9803-54055 (April 17, 1998, Levin, J.).
In the present case, not only has the court confirmed and ratified the sale of the property, but title of the property has been transferred to the purchaser and the deed has been recorded. Therefore, title remains in the possession of the owner of the property, the City of Norwich, pending the appeal of the approval of the sale of the property.
Martin, J.